BENJAMIN H. HILL, plaintiff in error, *vs.* SHIRLEY SLEDGE, administrator, *et al.*, defendants in error.

Under the testimony introduced at the hearing, it was not an abuse of discretion in the chancellor to grant an injunction; but, from the special facts in the case, it should be modified, and it will be so ordered in the judgment.

Injunction.    Before Judge BUCHANAN.    Troup county. At Chambers.    December 11th, 1873.

Shirley Sledge, as administrator, and B. M. Curtright, as administratrix, upon the estate of Samuel Curtright, deceased, filed their bill against Benjamin H. Hill, and Hilliard Oneal and R. J. Butts, as executors upon the estate of James Oneal, deceased, making this case:

The estate of Samuel Curtright can only pay about fifteen per cent. of its indebtedness on promissory notes. On July 12th, 1859, Curtright became indebted by promissory note, to the defendant, Benjamin H. Hill, in the sum of $600 00, upon which a payment of $28 00 was made on March 14th, 1861. This note was indorsed by Hill to James Oneal. His executors commenced suit on the same against complainants as the administrator and administratrix of the maker, and Hill as the indorser. The latter, whom complainants regarded as their attorney, filed a plea to the action. At the November term, 1872, of the superior court of Troup county, Hill withdrew the plea, stated that he, as indorser, had settled with the plaintiffs, and asked an order that the case proceed for his use. The order was granted. The complainant, Shirley Sledge, being present, called the attention of B. C. Ferrill,

Hill *vs.* Sledge *et al.*

who was an attorney at law, to the condition of the case. Hill then stated that as there was no plea filed, he would take judgment by default. Ferrill objected to such judgment before their plea of *plene administravit* was filed. The court stated that it would allow such plea to be entered. Hill thereupon stated that a judgment by default would not be conclusive against the complainants in a second suit for a *devastavit;* that he only wished his debt to be paid *pro rata* with other creditors of equal dignity; that he would only take a judgment for his *pro rata* share, and that it was best for the complainants to file no plea.

Complainant, Sledge, asked Ferrill what must be done. He replied that it would be all right, upon the assurances of Hill. Hill, then, without their knowledge or consent, entered a judgment for the full amount of the note. He has since commenced suit, in the name of the executors of James Oneal, for his use, upon the bond of complainants, alleging a *devastavit.* They pray that the aforesaid order and judgment may be set aside, and that the executors of Oneal and Hill be enjoined from prosecuting said suit, etc.

An order to show cause was issued by the chancellor, in response to which the defendant, Benjamin H. Hill, produced his affidavit to the following effect:

Every statement in the bill that he was of counsel for complainants is utterly untrue. He filed pleas only for himself, as they manifestly show. Equally false are the statements that he proposed to take a judgment for a *pro rata* share of the assets, and that he deceived the complainants, etc. The following is a true statement of what occurred: Defendant had hoped to obtain a judgment of discharge from any liability on said note, and filed pleas for this purpose only. Several years had elapsed after the suit had been brought, and complainants had neither filed any plea nor made known to defendant that they had any to file. He therefore proposed to the plaintiffs in that suit to pay the principal, strike his pleas, and take an order for the case to proceed for his use. This proposition was accepted and executed. He would never

Hill *vs.* Sledge *et al.*

have abandoned his separate pleas if he had had any idea that the complainants contemplated filing the plea of *plene administravit.* Mr. Speer, whom he employed to represent him, moved for judgment against the complainants, as the case was in default. B. C. Ferrill, the counsel for the estate generally, as this defendant always understood, said something about filing a plea of *plene administravit.* Mr. Speer dared him to do it, saying that he had proof of assets. Mr. Ferrill asked this defendant as to the effect of such plea. He stated that if such plea was filed and assets were shown, a judgment *de bonis propriis* would result, but if no plea was filed, a judgment *de bonis testatoris* would only follow in that suit. Mr. Ferrill then seemed to hesitate, while Speer appeared to be daring him to file the plea. This defendant may have said to Ferrill that he wanted to make nothing out of the case, and that while he should take a judgment for the whole amount, yet if his clients, the complainants, would pay the sum agreed to be paid to the plaintiffs by him, the defendant, the whole debt should be entered satisfied. This proposition has always been, and still is, open to the acceptance of the complainants. Under these circumstances he entered his judgment. If the estate of Samuel Curtright is insolvent, which he does not believe, such result has been caused by the waste and mismanagement of the complainants.

The bill and the defendants' response were respectively supported by several intensely conflicting affidavits.

The chancellor ordered the injunction to issue as prayed for, and defendant (Hill) excepted.

B. H. HILL & SON; SPEER & SPEER, for plaintiffs in error.

FERRILL & LONGLEY, for defendants.

TRIPPE, Judge.

As the testimony before the chancellor at the hearing for the injunction was very conflicting, and as that offered by complainants was sufficient to show that there was no abuse

of discretion in granting the writ, we affirm the judgment allowing the injunction. But we think that plaintiff in error has, under the admitted facts in the case, certain rights which should be protected. He is certainly entitled to a hearing before a jury on the bill, so that it may be determined whether his judgment shall not stand, as it has been rendered, with all his rights under it. One of these would be to use it as evidence of assets in the hands of the administrators on the trial of his suit on their bond. If a decree should be given in his favor, then the way would be easy in the action at law. Or, if he desire, he may proceed to a trial of his suit on the bond, and use his judgment as evidence of his debt, and as having preference over other debts of which the administrators did not have notice at the time it was rendered. But whilst the bill is pending and the injunction remains, the judgment is not conclusive evidence of assets in the hands of the administrators, at least cannot be used for that purpose on the trial of the case at law.

It has accordingly been so ordered in the judgment.